UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ALVAREZ, | No. 2:15-cv-2290 AC P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On June 19, 2017, the court dismissed plaintiff's complaint for failure to state a cognizable claim and granted plaintiff leave to file an amended complaint within thirty days. ECF No. 10. That deadline has now passed and plaintiff has not filed either an amended complaint or a request for an extension of time to do so.

The Local Rules provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Ninth Circuit has held that "[d]istrict courts have inherent power to control their dockets" and that in "the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). This case cannot proceed absent an amended complaint and, consequently, dismissal is appropriate.

1

     Additionally, a recent court order was served on plaintiff's address of record and returned by the postal service. Those returned documents were accompanied by an indication that plaintiff had been paroled. Thus, it appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. Based on these returns, the court concludes that granting a further extension of time to file an amended complaint would be futile.

     Plaintiff has consented to magistrate judge jurisdiction (ECF No. 4) and, accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to prosecute.

DATED: July 24, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE